NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MONTANA ENVIRONMENTAL
INFORMATION CENTER; et al.,

          Plaintiffs-Appellees,

  v.

DEB HAALAND, in her official capacity as
Secretary of the Department of the Interior;
et al.,

          Defendants-Appellees,

  v.

WESTMORELAND ROSEBUD MINING
LLC; INTERNATIONAL UNION OF
OPERATING ENGINEERS, LOCAL 400,

          Intervenor-Defendants-
          Appellants.

No.   22-36002

D.C. No.
1:19-cv-00130-SPW-TJC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted November 13, 2023
Seattle, Washington

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: McKEOWN and GOULD, Circuit Judges, and BAKER,[**] International Trade Judge.

Intervenor-Defendants Westmoreland Rosebud Mining Company LLC and the International Union of Operating Engineers, Local 400 (collectively, "Westmoreland") appeal the district court's decision remanding the approved Environmental Impact Statement ("EIS") for Westmoreland's proposed Area F mine expansion to the Office of Surface Mining ("OSM"). Plaintiffs-Appellees Montana Environmental Information Center and the Sierra Club argue that we should dismiss this appeal for lack of jurisdiction. Defendant federal officials agree that we lack appellate jurisdiction.

Generally, administrative remand orders like the one at issue here are not "final" for purposes of appellate jurisdiction under 28 U.S.C. § 1291. *See Chugach Alaska Corp. v. Lujan*, 915 F.2d 454, 457 (9th Cir. 1990) ("[I]n general, remand orders are not considered final."). Westmoreland contends that the issues it raises (standing and the standard of review of the magistrate judge's recommendations) are final under an exception to the administrative remand rule recognized in *Alsea Valley Alliance v. Department of Commerce*, 358 F.3d 1181, 1184–85 (9th Cir. 2004). That exception has three separate requirements. While this appeal raises separable legal issues whose resolution may spare the parties a wasted proceeding on remand, it is

---

[**] The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

2

nonetheless the case that appealing now is unnecessary for Westmoreland to obtain all the relief it seeks, either on remand (for instance if OSM re-approves the Area F expansion) or on appeal from an amended EIS issued on remand that blocks the requested expansion. *See Ctr. for Biological Diversity v. Bureau of Land Mgmt.*, 69 F.4th 588, 595 (9th Cir. 2023).[1]

Accordingly, we lack jurisdiction.

**DISMISSED.**

---

[1] Westmoreland's reliance on *Crow Indian Tribe v. United States*, 965 F.3d 662 (9th Cir. 2020), is misplaced. There, the district court remanded to the agency with instructions to undertake a certain action on remand—an action that intervenor-defendants/appellants opposed. Because the district court's remand order foreclosed any relief to them as to that action, we held that appellate jurisdiction existed. *Id.* at 676. But as outlined above, on remand Westmoreland can obtain all the relief it seeks—re-approval of its requested mine expansion. Nothing in the district court's order forecloses that possibility.